**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **V.** | **NO. 25-289** |
| **MORRIS SUMMERS** | **SECTION: C (2)** |

**ORDER AND REASONS**

Before the court is the Motion to Dismiss filed by defendant, Morris Summers, on September 30, 2026.[1] The motion is **DENIED**.

Defendant is charged with 1 count of felon in possession of a firearm and 1 count of felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1).[2] He seeks dismissal, asserting the unconstitutionality of section 922(g)(1). Except for one argument, *see United States v. Celestine*, No. 25-30506, 2026 WL 1349581, at *1 (5th Cir. May 14, 2026), all of his arguments are legally foreclosed but asserted to preserve them.[3]

Defendant's remaining argument is that section 922(g)(1) violates the principles of separation of powers.[4] Section 922(g)(1) prohibits firearms and ammunition possession by "any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." Defendant contends this language is too general, thus criminalizing conduct beyond Congress's power to regulate under the Second Amendment.[5] He points to Fifth Circuit cases where the court has previously held different applications of section 922(g)(1)

---

[1] R. Doc. 33. The government filed an opposition memorandum, the defendant filed a reply memorandum, and then the government filed a surreply. R. Docs. 34, 35, 38.
[2] R. Doc. 1.
[3] They are section 922(g)(1) violates the Second Amendment, both facially and as applied, exceeds Congress's authority under the Commerce Clause, and is unconstitutionally vague. R. Doc. 33-1 at 10-19.
[4] *Id.* at 1.
[5] *Id.* at 3-4.

unconstitutional.[6] Under defendant's theory, Congress has unlawfully delegated its legislative function to an Article III court by allowing the court to determine the constitutionality of section 922(g)(1) as applied to a defendant's circumstances.[7] The argument continues that, by using the general language of section 922(g)(1), the court defines what is or is not criminal conduct under the Second Amendment by judicially rewriting section 922(g)(1) to be consistent with the Second Amendment.[8] He claims this constitutional defect cannot be cured by severance or a limiting construction of section 922(g)(1)'s terms.[9]

While styled "as applied," defendant's constitutional challenge is in effect "facial" because it reaches beyond his particular circumstances. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (holding "[t]he label [of a challenge] is not what matters" and that plaintiffs' challenge was facial because their "claim and relief . . . reach beyond th[eir] particular circumstances"). Section 922(g)(1) is facially constitutional. *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024).[10] Defendant's argument was recently considered exhaustively in *United States v. Joseph*, No. 26-103, 2026 WL 3025714 (E.D. La. Oct. 8, 2026) (St. John, J.). In all material aspects, defendant's motion is identical to the one filed in *Joseph*.[11] The reasons given by Judge St. John in *Joseph* are adopted herein as if copied *en extenso*.

---

[6] *Id.* at 4 (citing cases).
[7] *Id.*
[8] *Id.* at 4-7.
[9] *Id.* at 7-9.
[10] *See also id.* at 10-11.
[11] *Compare* R. Doc. 33-1, *with* R. Doc. 21-1 in Criminal Action No. 26-103.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.

New Orleans, Louisiana, this 11th day of November 2026.

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE